Larry Dana #34049
ISCC-G3-16-B
P.O. Box 70010
Boise, Id. 83707

In The United States District Court
For The District Of Idaho

| | |
|---|---|
| Larry Dana,<br>Plaintiff,<br><br>VS.<br><br>Henry Atencio, Warden<br>Yordy, D.W. McKay, E.<br>Adkisson, W. Campbell,<br>Cpl. Walton, Corizon Correct-<br>ional Health Care, S. Pierson,<br>G. Roberts, R. Siegert, D.W.<br>Valley, J. Schneider, C/o Evancho, Clinician Nicodemus, | Case No. 1:18-CV-298-BLW<br><br>Plaintiff's Verified Prisoner's<br>Civil Rights Complaint §1983<br>for Damages, Declaratory<br>Relief, and Injunctive<br>Relief. |

Comes Now, Larry Dana, Plaintiff in the above entitled, to Lodge with this Honorable Court, the Plaintiff's Verified Prisoner's Civil Rights Complaint §1983, for Damages, Declaratory Relief, and Injunctive Relief, pursuant to, 42 USC §1983.

Plaintiff requests a Jury Trial.

Plaintiff requests appointment of counsel.

1.

# Summons Section

- Plaintiff Larry Dana, is a citizen of Idaho whose residing at:
Physical Address: ISCC, 14601 South Pleasant Valley Rd, Kuna, Id. 83634.
Mailing Address: ISCC, P.O. Box 70010, Boise, Id. 83707

- Defendant Henry Atencio is a citizen of Idaho whose address is: IDOC, 1299 N. Orchard, Suite 110, Boise, Id. 83706, and who was employed by IDOC as the Chief Director of IDOC, and was clothed in the color of state law at all times relevant to this instant case.
  Henry Atencio is being sued in his Official Capacity for Creating, Adopting and Enforcing unconstitutional Policies and Customs regarding Transgender Inmates (Plaintiff) in the custody of IDOC. i.e. Violations of Eighth Amendment.

- Defendant Warden Yordy is a citizen of Idaho whose address is: ISCI, Pleasant Valley Rd, P.O. Box 14, Boise, Id. 83707, and who was employed by IDOC as the Warden of ISCI, and was clothed in the color of state law at all times relevant to this instant case. Warden Yordy is being sued in his Official Capacity and in his Individual Capacity for Enforcing unconstitutional Policies and Customs regarding Transgender inmates (Plaintiff) housed at ISCI. i.e. Violations of Eighth Amendment.

Defendant D.W. McKay, is a citizen of Idaho whose address is: ISCC, 14601 South Pleasant Valley rd., Kuna, Id. 83634, and who was employed by IDOC as Deputy Warden of ISCC, and was clothed in the color of state law at all times relevant to this instant case. D.W. McKay is being sued in his Official Capacity and in his Individual Capacity for Enforcing unconstitutional Policies and Customs regarding Transgender inmates (Plaintiff) housed at ISCC, i.e. Violations of Eighth Amendment.

Defendant E. Adkisson, is a citizen of Idaho whose address is: ISCI, Pleasant Valley rd., P.O. Box 14, Boise, Id. 83707, and who was employed by IDOC as a clinician at ISCI, and was clothed in the color of state law at all times relevant to this instant case. E. Adkisson is being sued in her Official Capacity, and in her Individual Capacity for Falsifying Mental Health Reports, Denying Transgender Identification Necessities, and Enforcing unconstitutional Policies and Customs regarding Transgender inmates (Plaintiff) housed at ISCI. i.e. Violations of Eighth Amendment.

Defendant W. Campbell is a citizen of Idaho whose address is: IDOC, 1299 N. Orchard, Suite 110, Boise, Id. 83706, and who was employed by IDOC as Chief Psychologist for IDOC, and was clothed in the color of state law at all times relevant to this instant case. W. Campbell is being sued in his Official

Capacity and in his Individual Capacity for Enforcing Policies and Customs that are unconstitutional, as well as, being party to the falsifying of mental health reports and records, to unlawfully cover-up the truth of the relevant events that surround the Plaintiff's Gender Identity Disorder (G.I.D.) because Plaintiff is Transgender Female. i.e. Violations of Eighth Amendment.

Defendant Cpl. Walton is a citizen of Idaho whose address is: ISCC, 14601 South Pleasant Valley$^{rd}$; Kuna, Id. 83634, and who was employed by IDOC as a Corporal at ISCC, and was clothed in the color of state law at all times relevant to this instant case. Cpl. Walton is being sued in his Official Capacity and in his Individual Capacity for Enforcing Policies and Customs that are unconstitutional, in regards to inmate's (Plaintiff's) that are Transgender, and for Sexual Abuse and Sexual Harrassment. i.e. Violations of Eighth Amendment.

Defendant Corizon Correctional Health Care is a private medical care provider company, hired by and contracted by IDOC to render Medical Care and Mental Health Care to inmates (Plaintiff) in the custody and care of the IDOC, and who was clothed in the color of state law at all times relevant to this instant case. Corizon is being sued in it's Official Capacity for Creating, Adopting,

and Enforcing unconstitutional Policies and Customs regarding Transgender inmates (Plaintiff) and their address is: Corizon Correctional Health Care, 7301 East Emerald $^{st}$, Suite 103, Boise, Id. 83704. Corizon's Policys and Customs violate the Eighth Amendment.

Defendant S. Pierson is a citizen of Idaho whose address is: 7301 East Emerald $^{st}$, Suite 103, Boise, Id. 83704, and who was employed by Corizon as a medical provider and was clothed in the color of state law at all times relevant to this instant case. S. Pierson is being sued in his Official Capacity and in his Individual Capacity via allegations of Deliberate Indifference. i.e. Violations of Eighth Amendment.

Defendant G. Roberts is a citizen of Idaho whose address is: 7301 East Emerald $^{st}$, Suite 103, Boise, Id. 83704, and who was employed by Corizon as an administrator, and was clothed in the color of state law at all times relevant to this instant case. G. Roberts is being sued in his Official Capacity and in his Individual Capacity via allegations of Deliberate Indifference. i.e. Violations of Eighth Amendment.

Defendant R. Siegert is a citizen of Idaho whose address is: 7301 East Emerald $^{st}$, Suite 103, Boise, Id. 83704, and who was employed by Corizon as an administrator, and was clothed in the color of state

law at all times relevant to this instant case. R. Siegert is being sued in her Official Capacity and in her Indivi- dual via allegations of Deliberate Indifference. i.e. Violations of Eighth Amendment.

Defendant D.W. Valley is a citizen of Idaho whose address is: ISCI, Pleasant Valley, rd. P.O. Box 14, Boise, Id. 83707, and who was employed by IDOC as Deputy Warden of ISCI, and was clothed in the color of state law at all times relevant to this instant case. D.W. Valley is being sued in his Official Capacity and in his Individual Capacity via allegations of Deliberate Indifference. i.e. Violations of Eighth Amendment.

Defendant J. Schneider is a citizen of Idaho whose address is: ISCI, Pleasant Valley, rd. P.O. Box 14, Boise, Id. 83707, and who was employed by IDOC and was clothed in the color of state law at all times relevant to this instant case. J. Scheider is being sued in his Official Capacity and in his Individual Capacity via allegations of Deliberate Indifference. i.e. Violations of Eighth Amendment.

Defendant C/O Erancho is a citizen of Idaho whose address is: ISCI, Pleasant Valley, rd. ~~████~~ P.O. Box 14, Boise, Id. 83707, and who was employed by IDOC as a Corrections Officer at ISCI, and was clothed in the color of state law at all times relevant to this instant case. C/O Erancho is being sued in his Official

6.

Capacity and in his Individual Capacity via allegations Excessive Force, Deliberate Indifference, and Retaliation. i.e. Violations of First and Eighth Amendment.

Defendant Clinician Nicodemus is a citizen of Idaho whose address is: ISCC, 14601 South Pleasant Valley rd., Kuna, Id. 83634, and was employed by IDOC as a Clinician at ISCC and who was clothed in the color of state law at all times relevant to this instant case. Nicodemus is being sued in her Official Capacity and in her Individual Capacity via allegations of Deliberate Indifference and Retaliation. i.e. Violations of First and Eighth Amendment.

## Introduction

"Prison walls do not form a barrier seperating inmates from the protections of the Constitution". Turner v. Safley, 482 U.S. 78, 84 (1987). Prison guards may not retaliate against inmates or inflict cruel and unusual punishment on them for exercising First Amendment rights.

Plaintiff Larry Dana, is an inmate within the Idaho Department Of Corrections (IDOC), has filed IDOC Internal Grievance System Health Service Request forms (HSRR.s), Concern Forms, Grievances and Appeals, as well as Notices of Tort Claims and Claims under 42 U.S.C. §1983 against prison officials and medical staff for violating her Constitutional rights, prior to commencing this action.

Since then, IDOC Officials and Corizon Correctional Health Care and their Employees have engaged in an endless series of retaliatory acts against Dana.

Larry Dana is a Transgender female and has suffered numerous incidents of Sexual Harrassment, Sexual Abuse, Sexual Misconduct, Retaliations, and Complete Denial of Transgender rights Guarentees set out in the Eighth Amendment.

Cunningham v. Gates, 989 F. Supp. 1256, 1261 (C.D.CA. 1997)(It is settled law that if a group of officers agree if and when some of them knowingly committed unlawful acts other officers will falsify records and testify to cover-up the truth of relevant events, all of those involved are liable in their individual capacity for their involvement or for knowingly refusing to terminate a

series of acts by others, which they knew, or reasonably should have known would cause others to inflict constitutional injury.).


## Facts Section

Plaintiff arrived at ISCI prison around June, 2017, under the custody and care of Warden Yoodly

Plaintiff began seeking both Medical Care, and Mental Health Care, regarding her Gender Identity Disorder (G.I.D.).

Plaintiff was told by IDOC Official, E. Adkisson ... that she was not suffering from G.I.D., and was therefore ... not entitled to any of the Medical Care, or Mental Health Services that inmates with G.I.D. are entitled to.

The "Medical Care" and "Mental Health Services" the G.I.D. inmates "are entitled to" include, but are not limited to: Hormone Therapy, Counselling, Group Therapy, Specialized Housing for both, Plaintiff's safety and so she could live in an enviorment with other G.I.D. inmates, and in some cases .... Gender Reassignment Surgies.

These above services can be quite costly, so, despite the facts that the Plaintiff had lived her life as a female for approximately (45) Forty-Five years ... she was told she was not

a G.I.D. inmate and could not recieve any of the services she should have been entitled to.

Then... not only was the Plaintiff refused the services.... she was also denied the other female products such as bras, hair care products - property, make up, or even safe and fair housing.

During this time - line, Plaintiff learned from other inmates and IDOC Staff...that E. Adkisson was Transphobic, and despised Transgender people.

Because E. Adkisson was the IDOC official tasked with conditions of confinement for the Transgender inmates housed at ISCI, Plaintiff had no one else to reach out to for help, regardless of her Transphobia, so, on or about 6-14-17, the Plaintiff reached out to Adkisson again concerning her G.I.D.. See Exhibits - 00003 pg 1. and 2.

At that point E. Adkisson ignored the gravaman of the issues, but, put the Plaintiff in (2) two classes, but only Group Settings with no real help.

However, at a later date (12-12-17), Plaintiff recieved a (2) two page copy of Mental Health Services "Mental Health Individualized Treatment Plan" showing the 6-14-17, visit/appointment between the Plaintiff and Ms. Adkisson, where Adkisson falsifies the reports as to cover - up the truth of the relevant events surrounding Plaintiff's G.I.D., Mental Health needs and Medical Care needs ... covering up all violations of the Bella Injunctive Order as they missuse Policies, and Create, Adopt, and Enforce

unconstitutional customs and policies. e.g. see attached Exhibit. 00001, the IDOC Internal Grievance System Concern Form from Plaintiff, to PREA Coordinator and ISCC Deputy Warden McKay, bering also... his Reply, all regarding G.I.D. rights, please see next..... Exhibit - 00002, the IDOC Standard Operating Procedure (SOP) and "MEMO" attached to D.W. McKay's "Reply" which is Clearly unconstitutional when viewed in tandem with applicable Standards and Caselaw. e.g. Konitzer v. Frank, 711 F. Supp. 2d 874, 908-11 (E.D. Wis. 2010)(prison officials' denial of plaintiffs requests for makeup, women's undergarments, and facial hair remover might give rise to an Eighth Amendment violation); De'Lonta, 708 F. 3d at 526 n.4 (allegation that prisoner had not been evaluated by a G.I.D. specialist for surgery stated claim of deliberate indifference); Kosilek, 221 F. Supp. 2d at 161, 189(prisoner who was only seen by a social worker and psychiatrist who did not have experience diagnosing G.I.D. had never recieved an individualized medical evaluation since she had not been evaluated by qualified medical staff.).

 At this point, the Plaintiff could not manage the inner struggles she was living with... so.... she began using drugs (Meth), until she spirald out of control.

 Between 6-14-17 and 8-1-17, Plaintiff submitted numerous IDOC Internal Grievance System H.S.R.s,

Concern Forms, Grievances and Appeals.

Because of this .... on or about 8-4-17/8-5-17, IDOC Officials (Defendants) threw Plaintiff into "Suicide Watch", which is little-more than an Isolation Cell where the inmate is housed with a large window ... while they're Naked in plain view of everyone .... that Requires No Due Process, and that, IDOC Officials use as a Question Free ... Form of .... Retaliation.

These accused Defendant's never explained why they threw Plaintiff into Suicide Watch ... as .... other than "Retaliation", there was No Penological Interest for this "Adverse-Action".

After release from Suicide Watch, Plaintiff now unable to seek Mental Health Care, due to Well-Grounded Fear of Retaliation for seeking help ... went back to Self Medicating with illegal drugs purchased from inmates.

This "Self Medicating" reached Terminal Volosity on or about 10-3-17/10-5-17, Plaintiff out of control on drugs, and unable to get appropriate G.I.D. Rights, Mental Health Care, and/or Medical Care ... walked to 8-house (The Hole) pressed the door bell .... and turned herself in.

This was the direct result of a statement made by E. Adkisson in group ... "all Transgender people are nothing but whores, and all they want is to have sex and to turn unit 16 into a Whore House".

As Plaintiff detoxed in 8-house .... she thought

12.

of nearly nothing but Suicide.... as she could not exist in this man's body.

Plaintiff then submitted HSR's to see Dentist.

So, on or about 10-24-17, C/o Evancho cuffed Plaintiff through the cell food slot (Bean Slot) then while walking Plaintiff down the hell of 8-house (The Hole) became aggressive and began pulling and yanking the Plaintiff by the cuffs that had Plaintiff's hands cuffed behind her back.

This caused severe and permanent injury to Plaintiff's Left Sholdier.

This scared Plaintiff so severely.... that ... she freaked out, yelling and crying from both, pain and fear.

C/o Evancho, then threw Plaintiff into the 8-horse "Strip-Out Cage" ... a small upright cage .... with only room to stand.

Plaintiff never made it to the dentist.

Plaintiff is still attempting to get this Sholdier injury properly diagnosed and treated, and she is still in substantial pain from the injury, and fear from the Psychotic Outburst of Violent Rage by C/o Evancho ... a Corrections Officer who should be there to help inmates safely finish serving their prison sentence, not attacking them violently for their own sick enjoyment.

The other 8-house staff, later told the Plaintiff that, C/o Evancho hates Gay and Transgender inmates.

13.

Plaintiff then submitted additional HSR.s, Concern Forms, Grievances, and Appeals.

Because of this.... the Defendant E. Adkisson, had Plaintiff thrown into "Suicide Watch" AGAIN... on or about 11-7-17.... because Plaintiff's Transgender, and using First Amendment "protected-conduct" of petitioning the Government for a redress of grievances, and to speak out about inmate abuse, in regards to her G.I.D., Mental Health Care, Medical Care, and the Retaliation for same, such as the use of Exsesive Force that caused injury, by C/o Erancho.

The suicide risk rationale was only a cover, or a ruse for their Retaliatory actions.

The suicide watch cell was kept at a Tortorously freezing cold tempeture causing Plaintiff pain, cramping, shivering and suffering. Please see:

This Court has observed that relying on a defendant's asserted penological intererst could validate" a cover or a ruse to silence and punish" the plaintiff. Bruce v. Ylst, supra, 351 F.3d at 1289.

When Plaintiff's property was "Rolled Up" (Packed and Stored) By Sgt. Martin and his 8-house C/o s, on or about 11-7-17, much of Plaintiff's Legal Property, Legal Mail and Legal Materials came up mysteriously missing (stolen).

While all of these others issues were taking place .....Plaintiff was battling IDOC officials, Corizon Medical, and Corizon staff for Treatment for her Hepatitis -C, and Stage 4 Serosis of the Liver.

This is a perfect time for Plaintiff to remind the Court .... this was taking place at ISCI, and 8-house at that ... The same 8-house at ISCI, that became nationally known, via Balla v. Idaho State Board of Corrections, 869 F. 2d 461 (9th Cir. 1989), under the Balla Injunctive Order and those orders mandated by both, the U.S. Dist. Ct. for the Dist. of Idaho, and the 9th Circuit Court.

Hep-C issues are not a claim herein, as they are the subject of U.S. Dist. Court for Dist. of Idaho, Case No. 1:18-cv-00262-BLW, but are relevant to show a pattern of over-all reckless-ness, Deliberate-Indifference, and Retaliation for First Amendment freedoms and activities.

Defendants Atencio, Yordy, Adkisson, Campbell, Valley, Schneider, Evancho, Corizon, Pierson, and Siegert .... did __NOT__ meet the Requirements set out in the Balla Injunctive Order regar-ding Plaintiff's G.I.D., Mental Health Care, Medical Care, Isolation, Due Process, Segregat-ion, Housing and/or Suicide Prevention ... especially in .... 8-house (The Hole).

Approximately January 2018, Plaintiff began pushing the IDOC Officials and Corizon with their staff, for conditions of confinement that match the requirements from Balla Injunct-ion ... instead of meeting Balla requirements .... they Transferred Plaintiff to ISCC prison, onto Close Custody - Administrative Segregation

15.

via Protective Custody status... then told Plaintiff the Balla Injunction never applied because they successfully Transferred her.

Plaintiff was originally housed on G-4 at ISCC, in Close-Custody, Double-Celled in 23 hour a day Lock down. (Very Dangerous).

It is important to note: G-Block at ISCC is the most violent block in IDOC.

The Defendants housing choices for inmate Denz, (Plaintiff) because she is Transgender, and in need of Safe Housing .... so... they put her in Close-Custody Ad-Seg, on one of the most Violent units in the system clearly shows that Plaintiff's safety was not the purpose for this housing. e.g. see Balla v. Idaho State Board Of Corrections, 869 F. 2d 461 (9th Cir. 1989). [Citing Hoptowit v. Roy, 682 F.2d 1237, 1246-49 (9th Cir. 1982) Ecase # 12373]. Double-celling in a close custody unit poses a serious risk of violence and sexual attacks to it's inhabitants, thus, single-celling the close custody unit is required to protect the prisoner's constitutional right to personal safety. Of particular concern to this Court was the historical failure in the operation of the prison to meet constitutional minima in the housing of high-security and close custody inmates. [Citing Balla II, 156 F. Supp. at 1109] Evidence of a historical failure to comply with constitutional standards is highly relevant in fashioning an effective remedy. [Citing Hutto v. Finney, 437 U.S. 678, 677 (1978) Ecase # 12973].

Once a ISCC, Plaintiff sought G.I.D. rights guaranteed by the Constitution.

Things "sought" were items such as make up, hair care products, hairstyle products, female undergarments, female clothing, and facial hair remover products.

The Defendant – Deputy Warden – and PREA Coordinator McKay on or about 5-22-18, sent Exhibits Attached hereto, 00001, and 00002, to Plaintiff, stating, "offenders are prohibited from dressing or displaying the appearance of the opposite gender. Specifically, male offenders displaying feminine or effeminate appearance", then, "to include but not limited to the following:" Hairstyles, Shaping eyebrows, Face make up, Undergarments, Jewelry, and Non-gender typical clothing.

The "SOP" seen in the "MEMO" sent by D.W. McKay (Ex. 00002) is clearly unconstitutional, e.g. see: Konitzer v. Frank, 711 F. Supp. 2d 874, 908-11 (E.D. Wis. 2010)(prison official's denial of plaintiff's requests for make up, womens' undergarments, and facial hair remover might give rise to an Eighth Amendment violation); Soneeya, 851 F. Supp. 2d at 246 (prison officials' delay in providing female canteen items and clothing necessary for plaintiff's GID treatment constituted deliberate indifference). ~~████~~

Then, despite Plaintiff's denial of feminine products and property .... she was sexually assaulted on 6-27-18, in cell # 16, on unit G-3 at

ISCC prison.

On or about 5-28-18, G-Block corporal Brian Walton wrote Plaintiff a Disciplinary Offense Report (D.O.R.) for "Disobedience to Orders 3" for "using a pen to draw in simulated eyeliner for cosmetic purposes on his face". then, "Offender Dana continued to make statements that I was harassing him because of his transgender identification. On his way back to the ties Offender Dana stated, "Now I have no choice but to call PREA on you".

This DOR was 100% unconstitutional, shown by the Court decisions and Case Law cited herein this §1983 Complaint.

Because of the above incidents ... Cpl. Walton sought Vengence for the Threats of calling PREA on him (First Amendment right) so, on or about 6/9/18 or 6/10/18, Cpl. Walton was conducting a Standing I.D. Count on G3, he came to cell #16, where Plaintiff is housed, and found the Transgender Plaintiff sitting on the toilet expelling feces .... then told Plaintiff to stand, facing him, naked with feces in his buttox.

Then Threatened Plaintiff, saying stand and face him or take a Class-A DOR for refusing a direct order and interfering with count, forcing Plaintiff to stand and face him, naked and now feces covered. Walton laughed and exited.

18.

Please let Plaintiff paint the stage. The Toilet sits approximately 36 inches from the cell door window where Cpl. Walton stood, and Plaintiff was already facing him, this act by Cpl. Walton, was done to Harass Plaintiff as Retaliation for Plaintiff's requests to be treated within the requirements of the Constitutional Conditions of Confinement shown in this Complaint and because Plaintiff said he would "call PREA" regarding Sexual Harassment set out as "Sexual Harassment" by PREA Policy #325.02.01.001, and 9th Cir. Case Law.

During ▓▓▓▓, 2018, at ISCC, on unit ▓▓▓▓, the Plaintiff was being sexually harassed and sexually assaulted by both inmates and officers.

Plaintiff used the PREA Hotline to report the Sexual Abuse, resulting in D.W. McKay (PREA Coordinator) sending officer's to Plaintiff that Threatened her by saying is Plaintiff calls PREA again.... they will Throw her in the Hole.

Because of that Threat... Plaintiff endured 2 sexual harassments by staff.... and 3 sexual assaults by inmate Robert A. Geib, the 6-27-18 sexual assault being the foundation of this instant case, all because Plaintiff was to afraid to call PREA Hotline ... or make another PREA Complaint .... because the IDOC Officials will Throw her in The Hole and/or

in Suicide Watch *Naked and Afraid*.

Those issues are the clearest example of the "Chilling Effect" of First Amendment activities and rights that can be found, and this case should result in case precedent regarding chilling of an inmates First Amendment rights.

On or about 6-27-18 approximately 9 to 10 am, on G-3 at ISCC, inmate Robert A. Geib went to the Handi Cap Shower upstairs where Plaintiff was showering...stood at the window on the door ....watching her shower, and said to her .... "I'm gonna come in there, you can suck my cock then I'll buttfuck you"., following this statement with promises of payments and threats of violence.

At about 6:00 pm, on G-3 at ISCC, inmate Robert A. Geib, walked into Plaintiff's cell #16, and grabbed Plaintiff by her hair, began groping her body and private body parts, pushed her to the ground and forced his finger(s) into her rectum.

This caused pain and rectum bleeding, as well as a seemingly severe neck/vertebra injury.

Inmate Jody Carr #79004, was in the cell, laying on his bunk (Plaintiff's Cell mate) when this sexual assault took place, was a witness and will submit his Affidavit in Support at the appropriate phase of this case ... and will Testify on the stand for the Plaintiff.

Carr's been trying to get the Plaintiff to call PREA to protect herself...but.... she is far

20.

to afraid of IDOC Officials because of their Threats and Retaliatory actions.

Remembering Jody Carr #79004, and James Davis #92595 just got 3 DORs, 3 Threats, and 2 Reassignments for daring to use PREA Complaint System ... both in G-Block with Plaintiff, and the Carr housing reassignment, put Carr and the Plaintiff in the same cell #16 on G-3. So, the Retaliations for making PREA Complaints and/or IDOC Grievances .... are well known to all of the inhabitants of G-Block. Davis and Carr have both filed §1983's into this Court in 2018 for identical issues.

Plaintiff suffered 3 sexual assaults on G3, because of her Well Ground Fear of Retaliation if she called the PREA Hotline, or made a PREA Complaint.

The sexual assault was in plain view, and on camera in cell #16, on unit G-3 at ISCC, and could not have occurred, if not, and "But For" the Deliberate Indifference of the Defendants regarding Plaintiff's conditions of confinement ... and the Unlawful and Unconstitutional Threats of Retaliation that came via Order of D.W. McKay .... the PREA Coordinator and Conspiracy Cover-Up manipulator at ISCC prison

1. Claim #1. Deliberate Indifference:

1.(a). The creation of the Policies or Customs to deny Plaintiff's G.I.D. services, amounts to Deliberate Indifference, violating Eighth Amendment.

1.(b). The actions of the IDOC and/or Corizon Officials of missmanaging Plaintiff's G.I.D. needs as to "cut costs", amounts to Deliberate Indifference, violating Eighth Amendment.

1.(c). The Segregation of Plaintiff and Failure to obey Balla Injunction at ISCI, amounts to Deliberate Indifference, violating Eighth Amendment

1.(d) %o Evancho's Excessive Force amounts to Deliberate Indifference, violating Eighth Amendment.

1.(e). ISCC officials Double-Celling Plaintiff in Close Custody Ad-Seg on G-4 amounts to Deliberate Indifference, violating Eighth Amendment.

1.(f). ISCC Officials Threats of throwing Plaintiff into The Hole and Disciplinary Actions if she called PREA or made a PREA Complaint actually resulted and caused the G-3 sexual assaults, amounting to Deliberate Indifference, violating Eighth Amendment.

## 2. Claim #2.: Retaliation:

2.(a). IDOC Officials and Corizon and their Officials acts of throwing Plaintiff in Suicide Watch, Naked and Afraid for exercising First Amendment protected conducts amounts to Retaliation and violates First Amendment.

2.(b). The excessive force by C/O Evanch, because the Plaintiff is G.I.D., amounts to Retaliation for exercising First Amendment protected conduct and violates First Amendment.

2.(c). ISCC Defendants housing Plaintiff in Close Custody Ad-Seg for being G.I.D. amounts to Retaliation for exercising First Amendment protected conduct and violates First Amendment.

2.(d) ISCC Officials Threats to Plaintiff if she calls PREA or makes a PREA Complaint amounts to Retaliation for exercising First Amendment protected conduct.... caused Injury... and violates First Amendment.

2.(e). The DOR written by Defendant Cpl. Walton against Plaintiff for exercising her First Amendment protected conduct amounts to Retaliation and violates First Amendment.

2.(f). The voyerism by Defendant Walton, regarding the June Toilet/Naked and Feces issue's were Retaliation and violates First Amendment.

# Prayer for Relief

(a). Compensatory Damages in the amount of
$ 50,000⁰⁰ per defendant

(b). General Damages in the amount of
$ 75,000⁰⁰ per defendant

(c) Punitive Damages in the amount of
$ 500,000 ⁰⁰ per defendant

(d) Injunctive Relief consisting of an Order
to get Plaintiff Transgender Therapy,
Hormones, Counseling, Feminine Property,
and Gender Reassignment Surgery, within
120 days of this Order.

(e). Declaratory Relief: Declarations showing
these accused Defendants purposely
Deprived Plaintiff of Constitutional
Guarantees, and Violated Plaintiff's
Constitutional Rights purposely... for
use in seeking Criminal Charges, under
18 USC 42; U.S. v. Walsh, 194 F.3d 37
(2nd Cir. 1999).

I declare under the penalty of perjury, that all statements herein are true to the best of my knowledge.

Larry Dana #34049

X _Dana_        X 6-30-18
    Signiture            Date


I certify that on the __3__ day of __July__, 2018, I mailed via the ISCC Paralegal for mailing through the U.S. Postal Service a true and correct copy of the Plaintiff's Verified Prisoner's Civil Rights Complaint §1983 for Damages, Declaratory Relief, and Injunctive Relief,

       To:

   IDOC A.G. Office, % Mark Kubinski
1299 North Orchard, Suite 110
   Boise, Id. 83706


Larry Dana #34049

X _Dana_        X 7-3-18
    Signiture            Date