LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

Brady J. Hall (ISB No. 7873)
Special Deputy Attorney General
brady@melawfirm.net
Marisa S. Crecelius (ISB No. 8011)
marisa@melawfirm.net
MOORE ELIA KRAFT & HALL, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031

*Counsel for Defendants Henry Atencio and E. Adkisson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY DANA,<br><br>        Plaintiff,<br><br>v.<br><br>HENRY ATENCIO and E. ADKISSON;<br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:18-cv-00298-CWD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Defendants Henry Atencio and Elizabeth Adkisson, by and through their counsel, Brady J. Hall, Special Deputy Attorney General, of the law firm Moore Elia Kraft & Hall, LLP, and in response to the July 6, 2018 *Plaintiff's Verified Prisoner's Civil Rights Complaint § 1983 for Damages, Declaratory Relief, and Injunctive Relief* (Dkt. No. 3) (hereinafter "Plaintiff's Complaint"), and in consideration of the Court's *Initial Review Order by Screening Judge* of December 10, 2018 (Dkt. No. 8), hereby admit, deny, and allege as follows:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

**SECOND DEFENSE**

Defendants deny each and every allegation of Plaintiff's Complaint not herein expressly and specifically admitted.

**THIRD DEFENSE**

1.      As to the allegations contained on page 2 of Plaintiff's Complaint, Defendants admit that Plaintiff is housed at the Idaho State Correctional Institution (ISCC) under the custody of the Idaho Department of Corrections (IDOC). Defendants further admit that Defendant Henry Atencio was, at the time the Plaintiff's Complaint was filed, employed as the Director of the IDOC. Mr. Atencio is no longer the Director of the IDOC and Defendants deny the remaining allegations as they relate to Defendant Atencio. Defendants need not admit nor deny the allegations regarding "Defendant Warden Yordy" as the Court has dismissed Defendant Yordy as a Defendant. Notwithstanding, Defendants deny the allegations of misconduct or wrongdoing against the current and former Defendants set forth on page 2 of Plaintiff's Complaint.

2.      As to the allegations contained on pages 3 and 4 of Plaintiff's Complaint, Defendants need not admit nor deny the allegations regarding "Defendant D.W. McKay" or "Defendant W. Campbell" as the Court has dismissed them as Defendants. Notwithstanding, Defendants deny all allegations of misconduct or wrongdoing alleged against Defendants McKay and Campbell set forth on page 3 and 4 of Plaintiff's Complaint. Defendants admit that "Defendant E. Adkisson" is a resident of Idaho and that she is a mental health clinician at the Idaho State Correctional Institution (ISCI) and an employee of IDOC. Defendants deny the remaining

allegations against Ms. Adkisson as well as all allegations of misconduct or wrongdoing as alleged against her on page 3 of Plaintiff's Complaint.

3.      As to the allegations contained on pages 4, 5, 6, and 7 of Plaintiff's Complaint, Defendants need not admit nor deny the allegations regarding "Defendant Cpl. Walton", Defendant Corizon Correctional Health Care", "Defendant S. Pierson", "Defendant G. Roberts", "Defendant R. Siegert", "Defendant D.W. Valley", "Defendant J. Schneider", "Defendant c/o Evancho" and "Defendant Clinician Nicodemus" as the Court has dismissed them as Defendants from the case. Notwithstanding, Defendants deny all allegations of misconduct or wrongdoing as alleged against those Defendants.

4.      As to the allegations contained on page 8 of Plaintiff's Complaint, Defendants admit only that Plaintiff is an inmate under the custody of the IDOC. Defendants need not admit nor deny the truth of those statements summarizing cited case law and legal principles as the same raise questions of law for the Court. Defendants deny the remaining allegations on page 8 and all inferences of alleged wrongdoing or misconduct as they relate to any current or former Defendant.

5.      As to the allegations contained on page 9 of Plaintiff's Complaint, Defendants admit that Plaintiff was transferred to ISCI on or about May 9, 2017. Defendants also admit that IDOC inmates diagnosed with Gender Dysphoria (GD) are provided with medically necessary treatment based upon their individual medical needs and that IDOC's policy is to provide treatments that are deemed medically necessary including, but not limited to, cross-sex hormone therapy, counseling, group therapy, housing accommodations, and medically-necessary gender confirming surgery. Defendants deny the remaining allegations contained on page 9 of Plaintiff's Complaint and all inferences of alleged wrongdoing or misconduct as they relate to any current or former Defendant.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

6.      Defendants deny the allegations contained on page 10 of Plaintiff's Complaint as phrased as well as all allegations of misconduct or wrongdoing as alleged against Ms. Adkisson.

7.      As to the allegations contained on page 11 of Plaintiff's Complaint, Defendants need not admit nor deny the truth of those statements summarizing cited case law and legal principles as the same raise questions of law for the Court. Defendants deny the remaining allegations contained on page 11 as well as all allegations of misconduct or wrongdoing as alleged against any current or former Defendant.

8.      As to the allegations contained on page 12 of Plaintiff's Complaint, Defendants admit only that Plaintiff had been placed on suicide watch during his incarceration under the custody of the IDOC. Defendants deny the remaining allegations contained on page 12 as well as all allegations of misconduct or wrongdoing as alleged against any current or former Defendant.

9.      As to the allegations contained on page 13 of Plaintiff's Complaint, Defendants need not admit nor deny the allegations against "c/o Evancho" as the Court has dismissed all claims against that Defendant as well as those claims stemming from Plaintiff's alleged shoulder injury. Notwithstanding, Defendants deny the allegations contained on page 13 of Plaintiff's Complaint as well as all allegations of misconduct or wrongdoing as alleged against any current or former Defendant.

10.     As to the allegations contained on page 14 of Plaintiff's Complaint, Defendants admit only that Plaintiff has submitted unspecified concern forms, grievances, and health service request forms during Plaintiff's incarceration under the custody of the IDOC. Defendant need not admit nor deny the truth of those statements summarizing cited case law and legal principles as the same raise questions of law for the Court. Defendants deny the remaining allegations contained on page 14 as well as all allegations of misconduct or wrongdoing as alleged against any current

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

or former Defendant.

11.     As to the allegations contained on page 15 of Plaintiff's Complaint, Defendants need not admit nor deny the allegations against unnamed officials and those individuals who the Court has dismissed as Defendants in this case. Notwithstanding, Defendants deny the allegations contained on page 15 as well as all allegations of misconduct or wrongdoing as alleged against any current or former Defendant.

12.     As to the allegations contained on page 16 of Plaintiff's Complaint, Defendants admit that Plaintiff was housed on G-Block at ISCC for portions of January, February, and March 2018. Defendants need not admit nor deny the truth of those statements summarizing cited case law and legal principles as the same raise questions of law for the Court. Defendants deny the remaining allegations contained on page 16 as well as all allegations of misconduct or wrongdoing as alleged against any current or former Defendant.

13.     As to the allegations contained on page 17 of Plaintiff's Complaint, Defendants admit that Plaintiff has recently alleged that Plaintiff is transgendered and that Plaintiff has Gender Dysphoria. Defendants also admit that a "Memo" was sent to Plaintiff from D.W. McKay on or about May 22, 2018 and that a copy of that Memo was attached to Plaintiff's Complaint as Dkt. No. 3-1 page 2 of 6. Defendants deny the remaining allegations contained on page 17 and specifically deny that Plaintiff has been denied any medically necessary treatment. Defendants further deny all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

14.     As to the allegations contained on page 18 of Plaintiff's Complaint, Defendants admit that Plaintiff was issued a DOR on or about May 28, 2018 for disobeying orders. Defendants deny that the DOR was unconstitutional. Defendants need not admit nor deny the allegations

regarding "Cpl. Walton" as the Court has dismissed that individual as a Defendant from this lawsuit. Defendants deny the remaining allegations contained on page 18 as well as all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

15.     As to the allegations contained on page 19 of Plaintiff's Complaint, Defendants need not admit nor deny the allegations regarding "Cpl. Walton" and "D.W. McKay" as the Court has dismissed those individuals as Defendants from this lawsuit. Defendants presently lack knowledge or belief sufficient to admit or deny the allegations regarding the alleged assault by "inmate Robert A. Geib". Notwithstanding, Defendants deny the allegations contained on page 19 of Plaintiff's Complaint as well as all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

16.     As to the allegations contained on page 20 of Plaintiff's Complaint, Defendants presently lack knowledge or belief sufficient to admit or deny the allegations regarding the alleged assaults and harassment by "inmate Robert A. Geib" or the alleged statements made or events witnessed by "inmate Jody Carr." Notwithstanding, Defendants deny the allegations contained on page 20 of Plaintiff's Complaint as well as all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

17.     As to the allegations contained on page 21 of Plaintiff's Complaint, Defendants lack knowledge or belief sufficient to admit or deny the allegations regarding inmates Jody Carr or James Davis as well as Plaintiff's alleged sexual assaults. Notwithstanding, Defendants deny that the alleged assaults occurred (if they actually occurred) due to the deliberate indifference or wrongdoing of any current or former Defendant or any employee or official of the IDOC. Defendants deny the remaining allegations contained on page 21 as well as all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

18.     Defendants deny the allegations contained on page 22 of Plaintiff's Complaint as well as all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

19.     As to the allegations contained on page 23 of Plaintiff's Complaint, Defendants need not admit nor deny the same as the Court dismissed Plaintiff's retaliation claim and those claims alleged against "c/o Evancho" and "Cpl. Walton." Notwithstanding, Defendants deny the allegations contained on page 23 as well as all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

20.     As to the allegations on page 24 of Plaintiff's Complaint, Defendants need not admit nor deny the same as the Court dismissed Plaintiff's retaliation claim and those claims against "Defendant Walton". Notwithstanding, Defendant denies the allegations contained on page 24 as well as all allegations of misconduct or wrongdoing alleged against any current or former Defendant.

21.     As to the allegations contained on page 25 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

That at the time of filing this Answer, Defendants have not been able to engage in discovery and lack information sufficient to form a belief as to all of those affirmative defenses that might apply in this instance. At this time, pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants assert the following affirmative defenses so that the same are not waived. If actual information is not developed sufficient to assert any specific defense, the affirmative defense in question will be withdrawn.

The foregoing defenses are applicable, or appropriate, to any and all of Plaintiff's claims

for relief. In asserting these defenses, Defendants do not admit that they have the burden of proving the allegations or denials contained in the defenses, but, to the contrary, assert that by reason of the denials and/or by reason of relevant statutory or judicial authority, the burden of proving the facts relevant to many of the defenses and/or burden of proving the inverse to the allegations contained in many defenses is upon the Plaintiff. Defendants do not admit, in asserting any defense, any responsibility or liability, but, to the contrary, specifically deny any and all allegations of responsibility and liability set forth in the Complaint.

Defendants have considered and believe that they may have additional defenses to the Complaint, but cannot at this time, consistent with Rule 11 of the Federal Rules of Civil Procedure, state with specificity those defenses. Accordingly, Defendants reserve the right to supplement their Answer and add additional affirmative defenses as discovery in this case progresses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in whole or in part for failure to mitigate damages.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims sound in equity, Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived the right, and/or is estopped to assert the various claims and causes of action alleged against the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against these Defendants fail to make out a case for actual participation in unlawful and/or unconstitutional conduct.

## FIFTH AFFIRMATIVE DEFENSE

The alleged actions of these Defendants, if any, do not rise to the level of a deprivation of a constitutionally protected right.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff consented to the events, occurrences, and damages alleged.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege they are not liable for an injury caused by the act or omission of another person under a theory of respondeat superior or vicarious liability.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified and/or absolute immunity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are invalid for failure to allege or prove damages which are the result of an unconstitutional policy, action, or custom.

## TENTH AFFIRMATIVE DEFENSE

Any and all conduct of Defendants with respect to matters alleged in Plaintiff's Complaint were justifiable, reasonable, authorized by law, and performed in good faith with a belief that such acts were proper, legal, adequate, and appropriate.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all administrative remedies required under Federal and Idaho law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for relief under the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution because he has not alleged facts that

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 9**

demonstrate that Defendants acted with the requisite deliberate indifference to a serious medical need of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred by the failure to file a proper notice of tort claim, Idaho Code § 6-906, et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims for damages and/or equitable relief are barred by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability as to state law claims for damages, if any, pursuant to Idaho Code §§ 6-904(1) and 6-904B(5).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Defendant is not responsible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's damages are the result of pre-existing medical conditions or the progression thereof that were neither aggravated nor exacerbated by any acts or omissions of Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The acts or omissions complained of by Plaintiff did not arise as a result of any agreement, understanding, policy, or procedure which deprived Plaintiff of any civil rights.

## NINETEENTH AFFIRMATIVE DEFENSE

At no time did Defendants act in concert or intentionally act to deprive the Plaintiff of his civil rights.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has suffered no physical injury and may not recover for any emotional injuries pursuant 42. U.S.C. § 21-1997e(e) and other applicable federal and state law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are limited or barred by Idaho Code §§ 6-1603, 6-1606, and/or 6-803.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action for declaratory and injunctive relief are neither ripe nor justiciable.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The allegations contained in the Complaint regarding Defendants' alleged acts or omissions do not show or allege the sufficient likelihood of future injury or irreparable harm for declaratory and/or injunctive relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint regarding Defendants' alleged acts or omissions do not clearly show that Plaintiff will suffer actual harm for declaratory and/or mandatory injunctive relief.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief is based upon mere speculation and there is insufficient evidence that any future event or harm complained of will or will not occur.

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 11**

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence of immediate or irreparable or actual injury.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege the existence of a clear or reasonable likelihood of success.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's request for injunctive relief does not show or sufficiently allege that the facts and law are clearly in his favor for an award of mandatory injunctive relief.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages violate the Constitution of the United States and the Constitution of the State of Idaho. Should it be subsequently determined that Plaintiff is entitled to seek punitive damages against this Defendant at trial, this Defendant demands a bifurcated trial.

## REQUESTS FOR RELIEF

**WHEREFORE**, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff takes nothing by this action, that Judgment be entered in favor of Defendants and against Plaintiff, and that Defendants are awarded costs of suit and attorney fees, and such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

These Defendants demand a trial by jury on Plaintiff's Complaint, on all issues, claims, and defenses so triable, pursuant to the Constitution and laws of the United States and the State of Idaho.

DATED this 7th day of February, 2019.

MOORE ELIA KRAFT & HALL, LLP


*/s/ Brady J. Hall*
Brady J. Hall
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of February, 2019, I filed the foregoing electronically through the CM/ECF system. I also caused to be served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

| | |
|---|---|
| Larry Dana, #34049 | __x__ U.S. Mail, postage prepaid |
| c/o ISCI | _____ Hand Delivered |
| Unit 16-B, 37B | _____ Overnight Mail |
| P.O. Box 70010 | _____ Facsimile Transmission |
| Boise, ID 83707 | _____ E-Mail |

*/s/ Brady J. Hall*
Brady J. Hall

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL - 14**