UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY DANA,<br><br>                Plaintiff,<br><br>   v.<br><br>HENRY ATENCIO; KEITH YORDY; D.W. McKAY; E. ADKISSON; W. CAMPBELL; CPL. WALTON; CORIZON CORRECTIONAL HEALTHCARE; S. PIERSON; G. ROBERTS; R. SIEGERT; D.W. VALLEY; J. SCHNEIDER; C/O EVANCHO; and CLINICIAN NICODEMUS,<br><br>                Defendants. | Case No. 1:18-cv-00298-CWD<br><br>**SCHEDULING ORDER** |

      Defendants Atencio and Adkisson, the only Defendants remaining in this action, have filed an Answer. Therefore, it is appropriate for the Court to set a pretrial schedule in this matter. The parties must follow the pretrial schedule set forth herein below, unless a later order sets new deadlines.

**ORDER**

      **IT IS ORDERED** that the following pretrial schedule will govern this case:

      1.    **Disclosure of Relevant Information and Documents:** If the parties have not already done so, **within 28 days** after entry of this Order, the parties must provide each other with relevant information and documents

**SCHEDULING ORDER - 1**

pertaining to the claims and defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information, as well as any relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, the disclosing party will provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an *in camera* review of withheld documents or information. *In camera* documents are to be filed *ex parte* under seal, and not provided by email or mail. The continuing duty to disclose relevant documents and information continues until the date of trial or the date the case is dismissed.

2. **Amendment of Pleadings and Joinder of Parties:** All motions to amend pleadings or to join parties must be filed within **90 days** after entry of this Order.

3. **Scope of Discovery:** According to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In this matter, the Court limits the scope of retrospective discovery to a time period of one year preceding the first event giving rise to a cause of action upon which Plaintiff is proceeding, unless good cause is shown. Should the parties disagree as to the scope of discovery in general, they are to confer by telephone to resolve their differences. If they are still unable to agree, they may file a motion of no more than three pages to explain why the scope should be narrower or wider than the other parties desire, with a response of no more than three pages.

4. **<u>Completion of Discovery and Requests for Subpoenas</u>:** All discovery must be completed on or before **180 days** after entry of this Order. Discovery requests must be made far enough in advance to allow *completion* of the discovery in accordance with the applicable federal rules *prior* to this discovery cut-off date. Discovery is exchanged between parties, not filed with the Court. The Court is not involved in discovery unless the parties are unable to work out their differences between themselves as to whether the discovery responses are appropriate. In addition, all requests for subpoenas duces tecum (pretrial production of documents by nonparties) must be made within **150 days** after entry of this Order. No requests for subpoenas duces tecum will be entertained after that

date. (Subpoena requests for trial appearances of witnesses must not be filed until the case is set for trial.) To obtain a subpoena duces tecum for production of documents by nonparties, Plaintiff must first submit to the Court the names, addresses, and the type of information sought from each person or entity to be subpoenaed, and Plaintiff must explain the relevance of the items requested to the claims. The Court will then determine whether the subpoenas should issue.

5. **Depositions:** Depositions, if any, must be completed within **180 days** after entry of this Order. If Defendants wish to take the deposition of Plaintiff or other witnesses who are incarcerated, leave to do so is hereby granted. Any such depositions must be preceded by 21 days' written notice to all parties and deponents. The parties and counsel will be professional and courteous to one another during the depositions. The court reporter, who is not a representative of Defendants, will be present to record all of the words spoken by Plaintiff (or other deponent), counsel, and any other persons at the deposition. If Plaintiff (or another deponent) wishes to ensure that the court reporter did not make mistakes in transcribing the deposition into a written form, then Plaintiff can request the opportunity to read and sign the deposition, noting any discrepancies between what is transcribed and what Plaintiff believes was said. If Plaintiff wishes to take depositions, Plaintiff must file a motion requesting permission to do so, specifically showing the

ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

6. **Dispositive Motions:** All motions for summary judgment and other potentially dispositive motions must be filed with accompanying briefs **within 28 days after the close of discovery**. Responsive briefs to such motions must be filed **within 28 days** after service of motions. Reply briefs, if any, must be filed **within 14 days** after service of responses. **Submission of an earlier motion for summary judgment addressing procedural issues does not foreclose any party from later filing a motion for summary judgment on the merits.**

7. All motions, responses, and replies must conform to Rule 7.1 of the Local Rules for the District of Idaho. Neither party may file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court. No motion or memorandum, typed or handwritten, may exceed 20 pages in length.

8. **Alternative Dispute Resolution (ADR):** Should Plaintiff and any Defendant wish to attend a settlement conference, they may file a

stipulation to attend settlement conference, and the case will then be referred to the Court's ADR Director.

DATED: February 8, 2019

Honorable Candy W. Dale
United States Magistrate Judge