UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAY LYNN DANA, | Case No. 1:18-cv-00298-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JOSH TEWALT, et al. | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Kay Lynn Dana's Motion for Leave to File Second Amended Complaint. Dkt. 81. Defendants elected not to file a response to the Motion. *See* Dkt. 82.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to GRANT Dana's Motion.

## II. BACKGROUND

On April 1, 2020, the Court issued a lengthy decision addressing numerous pending motions in this case. Dkt. 80. As part of that decision, the Court granted in part and denied in part Defendants' Motions to Dismiss. *Id.* The Court analyzed Dana's twelve claims and

MEMORANDUM DECISION AND ORDER - 1

ultimately found that many were factually deficient and had to be dismissed. *Id.* at 9-47. Pursuant to Ninth Circuit caselaw, however, the Court gave Dana a final opportunity to amend her complaint to remedy the concerns the Court outlined. To accomplish this in as efficient manner as possible, the Court outlined the following course of action:

> Because two federal judges have already reviewed Dana's claims, the Court will not give Dana leave to amend as a matter of right. Instead, Dana must petition for leave to amend her complaint. In that motion, Dana must clearly articulate how she has remedied the concerns raised in this decision. Furthermore, Pursuant to District of Idaho Local Rule 15.1, Dana must include a proposed amended complaint with any such motion. In this manner, the Court (and opposing counsel) will be able to see and review the proposed changes. Instead of filing a Motion to Dismiss, Defendants will be allowed to respond to Dana's Motion for Leave to Amend. The Court will then determine if Dana has alleged sufficient facts to support the proposed amendments. This will save time and resources. Fed. R. Civ. P. 1.

*Id.* at 47.

Dana dutifully and timely filed her Motion for Leave to File Second Amended Complaint. Dkt. 81. As noted, Defendants elected not to respond. Dkt. 82.

### III. ANALYSIS

At the outset, the Court must admit it is somewhat surprised that Defendants chose not to file any opposition to Dana's Motion. The Second Amended Complaint adds 21 new Defendants and reasserts eight of Dana's twelve prior claims. To be sure, the Court is not implying Defendants' choice was incorrect; however, the Court is slightly concerned that Defendants thought the Court would undertake the review process for them and simply decided not to file a response.[1] Relatedly, the Court is concerned Defendants may shortly

---

[1] Now, the Court did indicate that once Dana filed her Second Amended Complaint it would be able to "see and review the proposed changes," dkt. 80, at 47, however, it was not the Court's intent to take away any

file a motion to dismiss. Again, the Court did not *specifically* forbid such action; however, as the Court expressed in its Decision, the whole purpose in allowing a *motion* for leave to amend (as opposed to allowing amendment outright) was to give Defendants a chance to respond to the amendments and deal with any pleading shortcomings and inaccuracies now "instead of [in] a motion to dismiss." Dkt. 80, at 47.

Thus, while Defendants take no position on the Motion itself, they did not stipulate to the Court granting the Motion and did not say they actually accept the Second Amended Complaint (again, whether this is by design or not, the Court does not know).

The Court's review can only go so far in circumstances such as this. It can compare the Second Amended Complaint to the prior Complaint and consider whether the revisions satisfy the concerns it outlined in its prior decision generally. But the Court cannot fully know if the factual allegations are sufficient for Defendants to defend against the claims themselves.

Thus, when the Court states herein that the Complaint "satisfies its prior ruling," it does so in the context of completion. Said differently, the Court notes that Dana has done a good job of filling in the "blanks" the Court previously outlined. Her Second Amended Complaint is almost twice as long as her First Amended Complaint and is much more detailed; it includes more facts concerning the "who, what, where, when, why, and how" that the Court was looking for. In addition, Dana took the Court's admonition to focus on

---

opportunity from the Defendants to do the same. Similarly, as will be explained, while the Court can determine on a surface level that Dana's Second Amended Complaint has met the concerns it outlined, the Court cannot know if the additions are sufficient for Defendants' purposes.

the most viable claims and chose not to amend certain claims that appear legally foreclosed. The Court's opinion of the completeness of Dana's Second Amended Complaint aside, it expresses no opinion on the veracity of the factual allegations themselves.

Thus, the Court finds Dana has met her burden and, in the absence of any response from Defendants' to the contrary, GRANTS the Motion for Leave to Amend.

## IV. ORDER

1. Dana's Motion for Leave to File Second Amended Complaint (Dkt. 81) is GRANTED.

2. For clarity and organization, Dana shall file her clean Second Amended Complaint (Dkt. 81-1) on the record within 7 days of the date of this order.

3. The Court will send out a new Litigation Order and Notice of Telephonic Scheduling Conference shortly.

DATED: December 15, 2020

David C. Nye
Chief U.S. District Court Judge